UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - -- - - - - - - - - - - - - - - - - - - - - - - - - - -X
EDWIN VASQUEZ,

|                                         |                          |
|-----------------------------------------|--------------------------|
| Plaintiff,                              | **FIRST AMENDED** **COMPLAINT** |
| -against-                               | 14 CV 6488 (KPF)         |
| CITY OF NEW YORK, POLICE OFFICER PAUL BEHAN (TAX 946773), POLICE OFFICER JOHN MOISE (TAX 946014), and SERGEANT FRANNY NUNEZ (TAX 933105), | **JURY TRIAL** **DEMANDED** |
| Defendants.                             |                          |

- - - - - - - - - - -- - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff, Edwin Vasquez, by his attorneys, Reibman & Weiner, as and for his

First Amended Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1.       At all times hereinafter mentioned plaintiff, Edwin Vasquez, was an

adult male and a resident of Bronx County in the State of New York.

2.       At all relevant times hereinafter mentioned, defendant, City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police

Department ("NYPD") and its employees.

3.       At all times hereinafter mentioned, defendant, POLICE OFFICER

PAUL BEHAN (TAX 946773), was a member of the NYPD, assigned to the 42nd Precinct

of the NYPD, and was employed, retained, trained and supervised by New York City.

Officer Behan is sued herein in his official and individual capacities. Police Officer Behan is

currently assigned to the Detective Bureau Bronx.

4.     At all times hereinafter mentioned, defendant, POLICE OFFICER JOHN MOISE (TAX 946014), was a member of the NYPD, assigned to the 42nd Precinct of the NYPD, and was employed, retained, trained and supervised by New York City.  Officer Moise is sued herein in his official and individual capacities. Police Officer Moise is currently assigned to the 42nd Precinct.

5.     At all times hereinafter mentioned, defendant, SERGEANT FRANNY NUNEZ (TAX 933105), was a member of the NYPD, assigned to the 42nd Precinct of the NYPD, and was employed, retained, trained and supervised by New York City.  Officer Nunez is sued herein in her official and individual capacities. Sergreant Nunez is currently assigned to the Transit Bureau District 11.

6.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7.     Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where plaintiff and defendant City of New York reside, and where the events complained of herein occurred.

**RELEVANT FACTS**

8.     On August 31, 2013 (the "Date of the Arrest"), at about 12:00 a.m., plaintiff was lawfully present in front of the 42nd NYPD Precinct, located at 830 Washington Avenue in the Bronx ("Scene of the Arrest").

9.     Plaintiff was not in custody at this time.

2

10.     The individual defendants were present and on duty at the Scene of the Arrest.

11.     At the Scene of the Arrest, plaintiff saw defendant Behan assaulting a detainee who was complaining of chest pain.

12.     Plaintiff called out to defendant Behan and asked him why he was assaulting this other individual.

13.     Plaintiff was not engaged in any unlawful or suspicious behavior.

14.     Without any legal justification or excuse, defendant Behan approached plaintiff and assaulted him by, in part, slamming him against a police car and handcuffing him excessively tightly.

15.     Plaintiff informed the defendants that the handcuffs were too tight and were causing him pain.

16.     Plaintiff was then escorted inside of the 42nd Precinct, where he was placed in cell while still wearing handcuffs and leg shackles.

17.     While he was inside of the cell, the defendants Behan, Moise and Nunez came into plaintiff's cell and continued to assault plaintiff by, in part, punching him on the head and face, and by kicking him.

18.     Defendant Moise also struck plaintiff on his head with his baton.

19.     Defendant Moise also choked plaintiff by placing his hands around plaintiff's neck and squeezing.

20.     All of the defendants continued to strike plaintiff on his body with their

3

hands and batons.

21.     While in custody, plaintiff was transported to St. Barnabus Hospital, where he was treated for the injuries he sustained at the hands of the individual defendants, including, but not limited to, right ear pain and a perforated ear drum.

22.     Plaintiff was then taken back to the 42nd Precinct where defendant Behan completed arrest paperwork and other documents concerning the arrest and use of force against the plaintiff.

23.     Plaintiff was then taken to Bronx County Central Booking where he was held for several more hours before he was arraigned on a criminal complaint containing false allegations sworn to by defendant Behan.

24.     Pursuant to this criminal complaint, which contained false allegations, plaintiff was held for several additional days at Rikers Correctional Facility after being arraigned.

25.     Plaintiff was then released, given a future court date to return, and was prosecuted over the course of several months before he acceded to an adjournment in contemplation of dismissal.

26.     Police Officer Behan completed arrest paperwork in which he alleged that plaintiff, in addition to obstructing governmental administration, had resisted arrest.

27.     Defendant Behan knew these allegations were false when they were made.

28.     Plaintiff was prosecuted and detained pursuant to the false allegations

provided and sworn to by defendant Behan

29.     At all times relevant herein, the defendants were acting within the scope of their employment, and his acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

30.     The factual allegations sworn to by defendant Behan against plaintiff were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiff.

31.     The defendants forwarded these and other statements to the Bronx County District Attorney's office with the understanding that the District Attorney would use this false evidence to prosecute plaintiff to crimes he did not commit.

32.     At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

33.     At no time did there exist any legal basis to detain, arrest, or prosecute plaintiff.

34.     At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

35.     The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

36.     That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION
### FOR EXCESSIVE FORCE
### AGAINST THE INDIVIDUAL DEFENDANTS
### PURSUANT TO 42 U.S.C. SECTION 1983

37.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

38.     The individual defendants willfully and intentionally subjected plaintiff to excessive force by employing more force than reasonably necessary under the circumstances, and without a reasonable basis to believe that the use of such force was appropriate, reasonable, lawful or necessary.

39.     By so doing, the individual defendants subjected the plaintiff to an excessive use of force and thereby violated of plaintiff's rights under the Fourth Amendment of the United States Constitution.

40.     By reason thereof, the individual defendants have violated  42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION
## FOR FALSE ARREST AND FABRICATION OF EVIDENCE
## AGAINST THE INDIVIDUAL DEFENDANTS
## PURSUANT TO 42 U.S.C. SECTION 1983

41.     Plaintiff repeats each of the foregoing paragraphs as though stated fully herein.

42.     At no time did defendants have any legal basis for arresting or imprisoning plaintiff or commencing criminal process against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

43.     Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

44.     By so doing, the individual defendants, individually and collectively, subjected plaintiff to false arrest and imprisonment, fabrication of evidence, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

45.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

20

## THIRD CAUSE OF ACTION
## FOR ASSAULT AND BATTERY
## AGAINST THE INDIVIDUAL DEFENDANTS
## PURSUANT TO NEW YORK STATE LAW

46.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

44.     Plaintiff was subjected to assault and battery by the individual defendants.

45.     At no time did defendants have any legal basis for subjecting plaintiff to excessive force, assault or battery, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

46.     The defendants are therefore liable under New York law to plaintiff for assault and battery.

47.     By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## FOURTH CAUSE OF ACTION
## AGAINST THE CITY OF NEW YORK
## PURSUANT TO 42 U.S.C. SECTION 1983

48.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

49.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

50.     The municipal defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

51.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, including these defendants, and thereby deliberately and  intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

52.     All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies,

9

usages, practices, procedures and rules of the City and the NYPD, all under the supervision

of ranking officers of the NYPD

      53.    The aforementioned customs, practices, procedures, and rules of the

City and the NYPD include, but are not limited to, the following unconstitutional practices:

      a.    Using excessive force on individuals, including but not limited to those who have already been handcuffed;

      b.    Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

      c.    Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

      d.    Retaliating against officers who report police misconduct; and

      e.    Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

      54.    The existence of aforesaid unconstitutional customs and policies may

be inferred from repeated occurrences of similar wrongful conduct, as documented by the

many civil actions filed in the Eastern and Southern Districts of New York, as well as in New

York State Supreme Court throughout the five boroughs of the City of New York.

      55.    In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-

CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as
> knowledge of cases in other federal and state courts, has revealed anecdotal evidence
> of repeated, widespread falsification by arresting police officers of the New York City
> Police Department. Despite numerous inquiries by commissions and strong reported
> efforts by the present administration -- through selection of candidates for the police
> force stressing academic and other qualifications, serious training to avoid
> constitutional violations, and strong disciplinary action within the department -- there
> is some evidence of an attitude among officers that is sufficiently widespread to

constitute a custom or policy by the city approving illegal conduct of the kind now charged.

56.     Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

57.     It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

58.     By reason thereof, the individual defendants have violated  42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.     On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    ii.     On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

11

iii.    On the Second Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iv.    On the Second Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

v.    On the Third Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

vi.    On the Third Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

vii.    On the Third Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

viii.    On the Fourth Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

ix.    Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

x.    Such other relief as the Court deems just and proper.

Dated:    Brooklyn, New York
February 20, 2015

REIBMAN & WEINER

By:       /s/

Jessica Massimi (JM-2920)
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743

12